## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA – ORLANDO DIVISION

IN RE                                                    CASE NO.  6:23-bk-03027-GER
                                                         CHAPTER 13

**Jacqueline Marie Cushing**
**dba Timelessly Vintage Collection**
                **Debtor**
_____/

## MOTION FOR RELIEF FROM AUTOMATIC STAY AND CO-DEBTOR STAY
## FILED BY SHIH-CHUN LIN

---

**NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING**

If you object to the relief requested in this paper, you must file a response with the Clerk of Court at 400 W. Washington Street, Suite 5100, Orlando, FL 32801 and, if moving party is not represented by an attorney, mail a copy to the moving party at 1000 Corporate Drive, Suite 150, Ft. Lauderdale, Florida 33334 within 21 days from the date of the attached proof of service, plus an additional three days if this paper was served on any party by U.S. Mail.

If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the Court will consider the response and grant or deny the relief requested in this paper without a hearing.  If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice or hearing.

You should read these papers carefully and discuss them with your attorney if you have one.  If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated if you do not timely file and serve a response.

---

**COMES NOW** Shih-Chun Lin, its principals, investors, successors, and/or assigns, if any, (hereinafter "Landlord"), by and through its undersigned counsel of record, Tiffany & Bosco, P.A., and moves this Honorable Court to lift the automatic stay in the above-referenced Debtors' Chapter 13 bankruptcy and in support thereof, the Creditor avers as follows:

1. This Honorable Court has jurisdiction to hear these matters and enter final orders pursuant to 28 U.S.C. §§ 157 and 1334; and 11 U.S.C. § 362.  The Motion for Relief from Automatic Stay constitutes a core proceeding and is a contested matter pursuant to Fed. R. Bankr. P. 4001(a) and 9014.

2. The Debtor listed above (the "Debtor") filed a voluntary petition pursuant to 13 of the Bankruptcy Code on July 28, 2023.

3. Landlord owns the following described real property located at 8149 Woodsworth Drive, Orlando, FL 32817 and legally described as:

> **LOT 15, BRADFORD COVE PHASE IV, ACCORDING TO THE MAP OR PLAT THEREOF, AS RECORDED IN PLAT BOOK 30, PAGE 6 AND 7, OF THE PUBLIC RECORDS OF ORANGE COUNTY FLORIDA.**

4. The Debtor, Jacqueline Cushing and Michael Cushing, executed a Residential Lease Agreement dated August 10, 2022 (the "Lease") with Landlord, relating to said Property, whereby the Debtor agreed to pay a monthly rental payment in the amount of $2,300.00/mo. until the expiration of the lease term on July 31, 2023.   See Lease attached hereto as "Exhibit A."

5. Tenant has breached the Lease by failing to pay the full monthly rent as it became due.

6. Pursuant to Chapter 83, Florida Statutes, Landlord served a written demand (the "Rent Demand") via hand delivery/posting on Tenant, for the payment of accrued rent and amounts owed under the Lease. A true and correct copy of the Rent Demand is attached hereto as Exhibit "B".

7. Additionally, the lease term ended July 31, 2023. Therefore, Landlord seeks possession based upon termination of the Lease term.

8. As noted above, the Debtor has failed to remit payment to Landlord since the installment due on May 1, 2023 and, therefore, the interests of Landlord are not being adequately protected.  See copy of Affidavit of Indebtedness attached hereto as Exhibit "C."

9. Pursuant to §83.56, Florida Statutes, Landlord made a written demand on the Tenant for the payment of overdue rent via hand delivery/posting.

10. Three (3) days have passed since the Tenant has received the written demand of Landlord for rent.

11. Tenant has failed to deliver payment of the overdue rent to the Landlord. Pursuant to §83.56, Florida Statutes, Tenant's tenancy was and is immediately terminated for the failure to pay rent when due.

12. Upon information and belief, said property has been claimed exempt.

13. Landlord maintains that cause exists pursuant to 11 U.S.C. § 362(d)(1) for the automatic stay to be lifted to allow Landlord to pursue in *rem* remedies given that its interests are not being adequately protected due to the failure of the Debtor to make payments prior to the filing of the instant bankruptcy petition and that there is no equity in the subject property for the benefit of unsecured creditors of the estate.

14. The Co-debtor in this matter Michael Cushing (the "Co-debtor").

15. The Co-Debtor has failed to remit payment to Landlord since the installment due on May 1, 2023.

16. Landlord is prohibited from enforcing its rights against the property by the co-debtor stay of 11 U.S.C. § 1301(a) because Co-Debtor has signed the Lease.

17. Landlord has incurred attorneys' fees of $1,025.00 and costs of $188.00 as a result of having to file this Motion. Landlord seeks an award of its fees and costs or, alternatively, leave to seek recovery of its reasonable bankruptcy attorneys' fees and costs in any pending or subsequent eviction action.

18. Furthermore, Landlord's security interest in the property is being significantly jeopardized by the Debtor and Co-Debtor's failure to make said payments while Landlord is prohibited from pursuing lawful remedies to protect said security interest.

19. Landlord respectfully requests the Court waives the fourteen (14) day stay of the Order Granting Relief pursuant to Bankruptcy Rule 4001(a)(3), so Landlord can pursue its state court remedies without delay.

20. Pursuant to 11 U.S.C. § 362(e), Landlord hereby requests that in the event a hearing is necessary that one be held within thirty (30) days.

**WHEREFORE**, Landlord respectfully requests that the automatic stay be lifted so that it may pursue *state court* remedies to protect its interests in the property outside of the bankruptcy forum, that the fourteen (14) day stay of the Order Granting Relief pursuant to Bankruptcy Rule 4001(a)(3) be waived, that Landlord be awarded its attorneys' fees and costs for filing this Motion, that in the event a hearing is necessary that one be held within thirty (30) days, that the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code, that Landlord have relief from applicable provisions of FRBP 3002.1 and for such other relief as the Court may deem just and proper.

**I HEREBY CERTIFY** in accordance with Fed. R. Bankr. P. 4001(a), 9014, and 7004 that a copy of the above and foregoing Motion for Relief from the Automatic Stay was mailed, first class postage prepaid and or by Electronic Filing this this 17th day of August, 2023.

Respectfully submitted,

/s/Jason A. Weber
Jason A. Weber
(FBN 0051681)
Attorney for Creditor

Tiffany & Bosco, P.A.
1000 Corporate Drive, Suite 150
Ft. Lauderdale, Florida 33334
(T) 954.828.1118 (F) 954.828.1101

**Copies furnished to:**

**<u>SERVICE VIA FIRST-CLASS U.S. MAIL</u>**

Debtor
Jacqueline Marie Cushing
8149 Woodsworth Drive
Orlando, FL 32817

Co-Debtor
Michael Cushing
8149 Woodsworth Drive
Orlando, FL 32817

**<u>SERVICE VIA NOTICE OF ELECTRONIC FILING</u>**

Chapter 13 Trustee
Laurie K Weatherford
P. O. Box 3450
Winter Park, FL 32790

U.S. TrusteeUnited States Trustee - ORL7/13, 7
Office of the United States Trustee
George C Young Federal Building400
West Washington Street, Suite 1100
Orlando, FL 32801

Dated this 17th day of August, 2023

Respectfully submitted,

<u>/s/Jason A. Weber</u>
Jason A. Weber

## RESIDENTIAL LEASE AGREEMENT

This agreement made between *Shin-chun Lin* ( Landlord) phone [REDACTED]

mailing address: *P O Box 679432 Orlando Fl 32867* email *cyt3456@yahoo.com*

and *Jacqueline Cushing* (Tenant #1 ) [REDACTED] Phone number 1

*Michael Cushing* (Tenant #2, if applicable) [REDACTED] phone number 2

Leases the following described Florida real property:

*8149 Woodsworth Dr Orlando FL 32817*

Together with the described personal property:

1) *stove*
2) *Fridge*
3) *dish washer*
4)
5) *Microwave hood*
6)

to the Tenant and shall bind the Tenant, his/her heirs, estate, or legally appointed representatives. Tenant as herein used shall include all to whom this property is leased and all obligations under this lease are joint and several liabilities. Landlord as herein used shall include the owner, his heirs, assigns or representatives and/or any agent designated by the owner.

1. Rent shall be $ *2300* per month paid at the first of each month.
2. TERM: This Agreement shall begin on _____ and end on *07/31/2023* .
Rent shall be payable in advance, on or before the first day of each month.
3. OCCUPANTS: In addition to the Tenants listed above the only other occupants of the premises of the property shall be
   a. *Kaitlyn Cushing*
   b.
4. PRO RATED RENT: Pro Rated Rent will be payable for the number of days the Tenant occupies the property prior to the end of the month. The pro rated rent will be calculated as the monthly rent divided by the number of days from the date this Agreement begins to the last day of the month.
5. DEPOSITS:
   a. Security deposit shall be made in the amount of $ *4600 . first pai/2600 . Sept 1 pay 400 october 1st 400 November / december $400*
   b. Pro rated rent is deposited in the amount of $
   c. First month's rent is deposited in the amount of $
   d. Last month's rent is deposited in the amount of $ *0*
   **All fees list above have to be paid to Landlord to valid this Lease.**

LATE FEES AND OTHER FEES:  A late fee of $50.00 shall be due if the Tenant fails to make rent payments on or before the 3rd day of each month, and for each day thereafter that the rent is not paid an additional $10.00 per day late fee shall be added to the $50.00 initial late fee. Late fees will apply until the Tenant has paid the entire amount due in full. If the Tenant's issues a check that is dishonored the Tenant agrees to pay a $40.00 fee, and thereafter all future rental payment must be made by money order or cashier's check. If the Landlord has actual knowledge that there are insufficient funds to cover a check, rent will be considered unpaid and the Landlord may serve the Tenant with a Three-Day Notice and will not be required to deposit the check. Third party checks are not permitted. Time is of the essence and the imposition of late fees and/or dishonored check fee/charges is not a substitution or waiver of available law remedies.

If rent is not received by the first day of each month, the Landlord may serve a Three-Day Notice on the next day or any day thereafter as allowed by Florida law. There shall be a fee of $35.00 for each 3-day notice and any other legal notice posted on the premises which shall also be considered as additional rent. All signatories to the lease are jointly and severally responsible for the faithful performance of this lease. All payments made shall first be applied to any outstanding balances of any kind including late charges and/or any other charges due under this lease. All late charges, interest, break lease fees, NSF, band and pet fees, utility charges and any monies due under this lease are hereby defined as, intended, and considered to be additional rent. Should the Tenant make a payment for less than the full balance due of the rent the Landlord's acceptance of such payment will merely be considered as a partial payment on the account and such acceptance does not constitute an accord and satisfaction or waiver by the Landlord of the Landlord's right to the balance of the rent due and owing for the remainder of the rent due.

6. RESPONSIBILITY and SECURITY DEPOSIT: The Tenant will be responsible for any unpaid rent, physical damage, future rent due, attorney fees, cost, and any other amounts due under the terms of tenancy as per Florida Law. Security deposit amount collected from tenant should be deposit in a non-interest-bearing escrow account at Florida banking institution, it will be refunded if any shall be made

TENANT INITIALS: and LANLORD INITIALS

Page 1 of 4

by mail only, made out in one check to the name of the Tenant who signed this Residential Lease Agreement, and may not be picked up in person. the Tenant is responsible to give the Landlord an address in which to mail the security deposit refund.

7.  APPLICATION: If the Tenant has completed a rental application and made misrepresentations this shall be considered a breach of this agreement and the Landlord may terminate the tenancy.

8.  FIXTURES AND ALTERATIONS: Tenant must obtain prior written consent from the Landlord before painting, installing fixtures, making alterations, additions, or improvements and if permission is granted, same shall become Landlord's property and shall remain on the premises at the termination of the tenancy.

9.  USE OF PREMISE: The premises shall be used for residential purposes only. Tenant shall maintain the premises in a clean and sanitary condition and not disturb surrounding residents or the peaceful and quit enjoyment of the premises or surrounding premises.

10. PARKING: Tenant agrees that no parking is allowed except for areas designated for auto parking. No boats, recreation vehicles or dissembled vehicles shall be parked in a manner that violates local parking regulations of the community deed restrictions. No vehicles, bots, trailers, or campers shall be parked in the front yard.

11. UTILITIES: All services and utilities will be paid by the Tenant including deposits and all charges for use of all utilities. The Landlord agrees to order such utilities in his name to be terminated the day prior to the commencement of this lease.

12. SMOKE DETECTORS: The Landlord will provide smoke detectors where required by law. The Tenant must maintain the smoke detectors by replacing the batteries and notifying the Landlord in writing of any defects.

13. MAINTENACE: The Tenant agrees they have FULLY INSPECTED the rental premises and accepts the condition of the premises in an "AS IS" condition with no warranties or promises expressed or implied. The Tenant shall maintain the premises in good, clean, habitable condition throughout the tenancy, use all electrical, plumbing, heating, and cooling or other appliances or equipment is a reasonable manner. In the event the Tenant or the Tenant's guest or invitees cause damage to the premises, Landlord may at its option repair same and Tenant shall pay for the expense of same on demand, all charges incurred as additional rent. Tenant shall NOT have the right to perform nor arrange for repairs at Landlord's expenses, nor shall there be any right of Tenant to deduct the cost of any repairs from the rent payment with the advance written consent of the Landlord, except a provided by law. Tenant shall be fully responsible and agrees to maintain and repair at the Tenant's expense the following:

    a.  Change AC Filter once per month. 20x20
    b.  Interior Extermination or Pest Control
    c.  Locks and Keys 2 door keys + community pool key
    d.  Smoke Detectors Batteries and Light Bulbs changes
    e.  Windows screens
    f.  The first $100 for any other occurrence

Tenant shall notify Landlord of any maintenance needed and the tenant shall be responsible for any damage caused by unreported maintenance needs or repairs.

14. OUTSIDE MAINTENCE: The Tenant shall maintain the lawn and surrounding grounds, including shrubbery at the Tenant's expenses. Tenant agrees to be responsible for proper irrigation of the grounds including any utility charge for such irrigation, and if applicable, promptly notify the Landlord if any automatic or other sprinkler system is not operating properly. Tenant agrees to reimburse Landlord for any professional landscape services required because of Tenant's negligence in proper ground maintenance at any time during this lease agreement. The Landlord will pay for irrigation problems.

15. KEYS: It is required that landlord has a working set of keys and/or security codes to gain access to the leased premise. The Tenant agrees to return the following and the failure to return any of the indicated items below will result in the Tenant to pay the cost of replacements.

    a.  ____2____ front door keys
    b.  _____ mailbox keys
    c.  _____ garage door openers
    d.  ____1____ pool keys
    e.  _____ gate opener passes or openers.

16. PETS: The Tenant shall not keep any animals or pets in or around the rental premises without the Landlord's prior written approval. A $_____nonrefundable deposit shall be required for_____ (# of pets and description of each pet) and the Tenant shall be responsible for any damages resulting from the pet including but not limited to flea infestation, damaged doors, walls, or carpets. Should the pet become a nuisance to the neighbors or other residents the landlord reserves the right to revoke his consent and the Tenant agrees to immediately and permanently remove the pet from the property. If any pet brought in the property without owner permission tenant will has to pay the pet fee 20 per moth from begging month of the lease.

17. ADDITIONAL STRUCTURES & WATERBEDS: The Tenant shall not be allowed to place upon the rental property any item or structure, and Tenant shall not take any action, that could endanger or result in the cancellation of the homeowner's insurance or an increase in the homeowner's insurance premiums. Under no circumstance shall trampolines be permitted at the property at any time.

18. RIGHT TO ENTER: The Landlord shall have the right to enter the premises for inspections, maintenance, and repair or to show a prospective purchaser or tenant with a 12-hour notification to the Tenant as provided by law. This notification may be by telephone, hand-delivery, email, or by posting Notice on the premises. Landlord has the immediate right to enter the premises in case of

TENANT INITIALS: _____ _____ and LANLORD INITIALS _____

emergency to protect the premises. Should the Tenant fail to allow the Landlord to enter the premises after proper notifications to the Tenant, the Tenant shall be responsible to Landlord for liquidated damages in the amount of $50.00 per event. These liquidated damages will apply if the Tenant fails to meet a scheduled appointment, changes the locks to prevent entry, or has a pet or other animal which makes entry to the premises dangerous.

19. **ASSIGNMENTS:** There shall be no assignment or sublet of the premises or any part thereof without the prior written permission of the Landlord, which permission may be withheld for any reason whatsoever. Any unauthorized transfer of interest by the Tenant shall be void and breach this agreement.

20. **VACATING:** At the expiration of this agreement or any extension whatsoever, Tenant shall peaceably surrender the premises and turn in all keys, duplicates, remote garage door openers, gate passes, pool keys or any other items owned by the Landlords, leaving the premises in good, clean condition, ordinary wear and tear excepted. The Tenant shall leave all utilities on for five days, NOT INCLUDING WEEKENDS AND/OR HOLIDAYS after move-out for cleaning. Failure to leave utilities on will result in a re-connection change to the Tenant.

21. **TERMINATION OR RENEWAL:** The Tenant and Landlord understand they must provide written notice of intent to vacate or not renew the lease at lease sixty (60) days prior to the end of the lease agreement. This agreement may only be terminated at the end of a calendar month. To renew the terms of this agreement a written request to renew must be given to the Landlord no less than sixty (60) days prior to the expiration of the agreement. If neither party gives the other any written notice as provided hereunder, the Tenant shall thereafter be deemed as occupying the premises on a month-to-month tenancy in which case either party may terminate this agreement by giving the other party (15) days written notice prior to the end of the calendar month. The Tenant shall NOT be released from the terms of this agreement on the grounds of voluntary or involuntary employment transfer, loss of employment, marriage, divorce, loss of co-tenant(s), and medical reasons except as provided by law.

22. **MONTH TO MONTH LEASE:** There will be additional rent due in the amount of 10% of the monthly rent if for any reason the lease is continued on a month-to-month basis at the expiration of the initial term. This provision does not in any way obligate the Landlord to extend this lease beyond the initial term.

23. **LIABILITY:** All personal property located on the premises shall be at risk of the Tenant. The Landlord shall NOT be held liable for any damage to said property of the Tenant arising out of criminal acts, vandalism, acts of GOD, interruptions of utilities, fire, storm, flood, rain, or wind damage, acts of negligence of any person whatsoever, or from bursting or leaking water pipes. Tenants agree that landlord or landlord's insurance will be held completely free from any harm or liability should tenant or any of tenant's guests suffer mishap or injury that occurs on the premises. In the event of premises become unfit for use as determined by law (such as leak or mold etc), tenants may be required to leave, when the premises are unfit for more than 30 days, the lease will become null, rent shall be returned to the tenants for the period of house is not hospitable, landlord will not pay for any type of relocation fees and any claim medical bills.

24. **INSURANCE:** Tenant understands and agrees that the Landlord's insurance, if any, DOES NOT cover injury or death to Tenant's person or loss of any kind to Tenant's personal property or expenses incurred, including but not limited to, loss of perishable, interruption of water, electric, cable or other utility service, relocation expenses, and/or temporary or permanent housing. Tenant agrees that they have an affirmative obligation to obtain renter's insurance to cover losses in the event loss should occur to Tenant's person and/or personal property for any reason whatsoever. The failure by Tenant to obtain renter's insurance is done at the complete and total risk of the Tenant. The Tenant is STRONGLY URGED to secure comprehensive renters' insurance, including coverage for personal property.

25. **STORM SHUTTERS:** If the premises are not equipped with Storm shutters, the Tenant understands that no storm shutters will be provided and/or no measures shall be taken by the Landlord to secure doors and/or windows unless the Landlord, in his sole discretion, decides to perform these tasks. The Tenant agrees to hold the Landlord harmless for any damage to person and/or personal property due to the lack of storm shutters or the Landlord's decisions to secure or not secure doors and/or windows. If storm shutters have been installed at the premises, or if the Landlord secures doors and/or windows, this shall not relieve the Tenant of the obligation of looking to his or her renter's insurance for coverage of any damages to property or person. The Tenant agrees that installation of storm shutters or other means of securing doors and windows are not guarantees in any way that damage to the premises due to a storm will be minimized or will not occur.

26. **STORM PREPARATION:** Once a tropical storm, hurricane, flood watch or warning is issued for an area and/or at the request of the Landlord, the Tenant agrees to take storm preparedness actions if needed Any injury to the Tenant arising from storm preparation is the sole responsibility of the Tenant and not of the Landlord. In the event of damage to the Landlord's property due to Tenant's storm preparation, that damage will be the responsibility of the Tenant. Tenant shall remove all authorized and unauthorized objects from the immediate premises that may become projectiles in a storm, such as deck chairs, potted plants, patio benches and any items on a balcony, lanais, patios, and/or breezeway of the rental premises. These items should be placed inside the premises and returned to the outside only when it is safe to do so. In no event, shall any motorcycle, scooter, gas grill, or other item containing gasoline or other fuel, be stored inside the rental premises. These items must be removed completely from the premises.

27. **LANDLORD'S OBLIGATION:** The Tenant agrees that the Landlord has no obligation to install storm shutters and/or take measures to prevent rain and/or other objects or projectiles from entering the premises in the event of a hurricane or other major storm.

28. **LIABILITY OF LANDLORD:** The Tenant waives all liability or duty on the part of the Landlords for any damage to person or personal property should any occur during a hurricane or other major storm.

TENANT INITIALS: _____ _____ and LANLORD INITIALS _____

29. **ATTORNEY'S FEES:** If the Landlord employs an attorney to enforce the terms and conditions of the lease agreement, the Tenant shall be responsible for all costs and reasonable attorney's fees as incurred by the Landlord whether suit is filed. **Both the Landlord and Tenant waive the right to demand a jury trial concerning any litigation between Landlord and Tenant.**

30. **DEFAULT OF LEASE:** The following shall be considered a default by the Tenant of this Lease.
    a. Failure to pay rent or additional rent when due.
    b. Violation of any term, condition, or covenant of this lease
    c. Failure to comply with any Federal, State, County, or Homeowners Association (if applicable) rules, regulations, and ordinances.
    d. Failure to move into the premises.
    e. Tenant's eviction from abandonment or surrender of the premises.
    Upon default, rent due for the remaining term of this lease is accelerated, the Tenant shall owe this rent and any additional rent, damages, or consequential damages, and Landlord may take any action permitted by Florida Law. Retaking of possession shall not constitute a rescission of this lease.

31. **NOTICES:** All notices and requests for repairs, terminations, lease renewals, etc. are to be made in writing to the Landlord at the address listed in the first paragraph of Page one of this lease.

32. **NON-WAIVER:** Any failure by the Landlord to exercise any rights under this agreement or Florida Law shall not constitute a waiver of any of the Landlord's rights.

33. **INDEMNIFICATIONS:** The Tenant agrees to reimburse the Landlord upon demand in the amount of cost for service or repairs, including plumbing, caused by the negligence or improper use by Tenant, Tenant's agents, family, invitees, or guests. The Tenant will always indemnify and hold harmless the Landlord from all losses, damages, liabilities, and expenses which can be claimed against the Landlord for any injury or damages to the person or property of any person(s) caused by the acts, omissions, neglect or fault of Tenant, Tenant's agents, family, invitees, or guests, arising from the Tenant's failure to comply with any applicable laws, statues, ordinances, or regulations.

34. **ABANDONED PROPERTY:** BY SIGNING THIS RENTAL AGREEMENT, THE TENANT AGREES THAT UPON SURRENDER OR ABANDONMENT OF THE PREMISES, AS DEFINED BY CHAPTER 83, FLORIDA STATUES, THE LANDLORD SHALL NOT BE LIABLE OR RESPONSIBLE FOR STORAGE OR DISPOSITION OF THE TENANT'S PERSONAL PROPERTY. THE TENANT hereby authorizes towing and/or removal of any vehicles abandoned the Tenant, the Tenant's agents, family, invitees, or guests on the premises.

35. **MODIFICATIONS:** No Subsequent alteration, amendment, change, or addition to this lease shall be binding upon the Landlord or the Tenant unless it is reduced to writing and signed by the parties.

36. **ENTIRE AGREEMENT:** This lease and exhibits and attachments, if any, set forth the entire agreement between the Landlord and the Tenant concerning the premises, and there are no covenants, promises, agreements, conditions, or understandings, oral or written between them other than those herein set forth. If any provision in this agreement is illegal, invalid, or unenforceable, that provisions shall be void but all other terms and conditions of the agreement shall be in effect. Each tenant signing and executing this agreement shall be jointly and severally liable for all obligations herein.

This lease agreement constitutes the entire agreement between the parties hereto. I have read this lease agreement in its entirety and I understand and agree to every term herein.

By _____
Landlord
Date: _____

By _____
Tenant #1
Date: 8/10/22

By _____
Tenant #2
Date: 8/10/2022

TENANT INITIALS: _____ and LANLORD INITIALS _____ _____

Page 4 of 4

**NOTICE FROM LANDLORD TO TENANT – TERMINATION FOR FAILURE TO PAY RENT**

**3 DAY NOTICE**

To: _Jacqueline Cushing, Michael Cushing_
Tenant's Name

_8149 Woodsworth Dr_
Address

_Orlando FL 32817_
City, State, Zip Code

From: _Shih-Chun Lin_

Date: _05/25/2023_

YOU ARE HEREBY NOTIFIED THAT YOU ARE INDEBTED TO US IN THE SUM OF

$ _2300_ (insert amount owed by tenant) for the rent and use of the above referenced
premises located at _8149 Woodsworth Dr Orlando FL 32817_ , Orange County Florida
(Insert address of leased premises, including county)

now occupied by you and that I demand payment of the rent or possession of the premises within three days
(excluding Saturday, Sunday and legal holidays) from the date of delivery of this notice, to-wit:  on or before the
_31st_ day of _May_ , 20_23_  (insert the date which is three days from the deliver of this
notice, excluding the date of delivery, Saturday, Sunday and legal holidays).

_____
Signature

_Lin_
Name of Landlord/Property Manager
(Circle one)

_PO Box 679432_
Address [street address where Tenant can deliver rent]

_Orlando FL 32867_
City, State, Zip Code

_(407) 948-6669_
Telephone Number

**CERTIFICATE OF SERVICE**

I Hereby certify that a copy of the above notice was:

_____ delivered to _____ by hand on _____ , 20

_X_ posted on the premises described above in the tenants absence on _05/25/_ , 20_23_

By: _____
Owner / Agent

5

EXHIBIT B

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA – ORLANDO DIVISION

IN RE

**Jacqueline Marie Cushing**
**dba Timelessly Vintage Collection**
              **Debtor**
_____/

CASE NO.  6:23-bk-03027-GER
CHAPTER 13

### AFFIDAVIT IN SUPPORT OF
### MOTION FOR RELIEF FROM STAY

STATE OF FLORIDA)

COUNTY OF ORANGE)

BEFORE ME, the undersigned, Notary Public, personally appeared Jenny Zhang, who is known to me and after being by me first duly sworn, deposes and says the following:

1.     I am making this Affidavit in connection with and support of the Motion for Relief from stay filed by Movant, Shih-Chun Lin, its principals, investors (hereinafter "Landlord"), a creditor in the above styled bankruptcy proceedings.

2.     Landlord owns the Subject Property located at  8149 Woodsworth Drive, Orlando, FL 32817.

3.     I am familiar with the Lease made by Landlord, to Jacqueline Marie Cushing and Michael Cushing, which is the basis for Creditor's status.

4.     Landlord maintains account records of all rental payments including any receipts and credits.

5.      The amount of the indebtedness and the nature and extent of default set forth in the motion is derived from said account records of the Lease.

6.      I am the _____manage_____ (title) for Landlord.  In that capacity, I have access to said account records.

7.      Said records are made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters, the records are kept in the course of Landlord's regularly conducted activity and are made by Landlord as a regular practice.

8.      In connection with this case, I have reviewed the aforementioned account records, the lease and other business records of Landlord.

9.      As of August 16, 2023, the Lease has an outstanding unpaid balance of $6,900.00, plus advances made, attorneys' fees and costs, incurred in accordance with the Lease.

10.     As of August 16, 2023, Debtors have defaulted on payments due to Landlord by failing to make payment due on May 1, 2023 and all subsequent monthly payments.

11.     I have reviewed the documents attached as exhibits to the Motion and they are true and accurate copies of the original documents.

12.     This Affidavit is signed under penalty of perjury as being true and correct based on my personal knowledge of Landlord's books and business records and is intended to show that there is available competent testimony which can be introduced at evidentiary hearing, if necessary.

**FURTHER AFFIANT SAYETH NAUGHT**

The facts stated herein are true. In verification of the same, I subscribed my signature hereto.

Sworn to by me on this _17th_ day of _August_, 2023.

_____
Affiant

Sworn to and subscribed before me on this _17th_ day of _August_, 2023.

_____
Notary Public
My Commission Expires: _10/21/2024_

Notary Public State of Florida
Inod Reynoso
My Commission HH 042089
Expires 10/21/2024